UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HORACE BASCOM WHITE, III**,

    Plaintiff,

v.                                                   Civ. No. 12-608 RHS/ACT

**THE PEOPLE OF THE STATE OF TEXAS;
and its AGENCY, POTTER COUNTY COURT
AT LAW #1; and the HONORABLE JUDGE ROBERTS;
POTTER COUNTY ATTORNEYS OFFICE;
ASSISTANT ATTORNEY JANELL McBRIDE;
POTTER COUNTY SHERIFF'S DEP'T;
DEPUTY SHERIFF OFFICER EATON,**

    Defendants.

## ORDER DISMISSING COMPLAINT

THIS MATTER comes before the Court on pro se plaintiff Horace Bascom White, III's application to proceed in district court without prepaying costs or fees (hereinafter called "motion to proceed IFP"), filed June 20, 2012, *see* Doc. 6, and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

White has consented, under 28 U.S.C. 636(c) and FED. R. CIV. P. 73(b), to have United States Magistrate Judge Robert H. Scott conduct all proceedings in this case. *See* Doc. 7. Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument

on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.  If the Court determines that "the allegation of poverty is untrue," or that a complaint fails to state a claim, it must dismiss the case.  *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of complaints under § 1915(e) is now mandatory).

## I.  WHITE IS NOT INDIGENT.

A party wishing to proceed IFP must demonstrate that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

White paid the filing fee in this case, but he apparently wants the Court (using money provided by taxpayers) to pay for service of process of his Application on all of the out-of-state Defendants.  White has no dependents, and he receives an income of $909/month from Social Security and is unemployed.  *See* Doc. 6 at 2.  His car is paid for.  *See id.* at 3.  He has monthly expenses of $550 for rent and utilities.  *See id.*  Although the current national monthly average "thrifty food plan" costs for a single person in White's age group is about $165/month[1], White claims he spends $200/month on food.  *See id.*  On these fact, the Court concludes that White has failed to establish that he is unable to pay the costs of service of process in this case and still pay for the necessities of life.  Therefore, permission to proceed IFP must be denied.

## II.  THE COURT MUST DISMISS THIS ACTION.

The Court must also dismiss the action.  "A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties."  *Citizens Concerned for Separation of Church & State v. City & County*

---

[1]  *See* Official USDA Food Plans, Average for April, 2012, located at http://www.cnpp.usda.gov/USDAFoodCost-Home.htm.

*of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

> Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction. There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331. Federal-question jurisdiction exists for all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (internal quotation marks and citations omitted).

White's pleading is entitled: "Application for Leave to Remove Texas State Accusations to the Federal Court," and he cites 28 U.S.C. § 1443 (providing for the filing of civil-rights suits in federal court) and 28 U.S.C. § 2201 (permitting the filing of actions for declaratory judgment) as jurisdictional authority for that removal. Compl. at 1. White, however, is not bringing a civil-rights action under a federal statute - he is simply attempting to remove some misdemeanor criminal proceedings from the Texas courts to this Court and asking this Court to dismiss the charges for alleged violation of the Speedy Trial Act. *See* Compl. at 1-2. And § 2201, standing alone, does not confer federal jurisdiction. Instead, the Court must inquire whether the underlying case arises under federal law. *See United Food & Commercial Workers Union v. Albertson's, Inc.* 207 F.3d 1193, 1196 (10th Cir. 2000).

Examining White's allegations, the state-court prosecution for state-law misdemeanors clearly does not arise under federal law, and there is no federal statute that permits an individual to remove a state-court criminal proceeding to a federal court in a different state. Mr. White may raise

3

all of his claims and defenses in the Potter County court where he is being prosecuted, and if he is unsuccessful, he may appeal those rulings to the Texas state appellate courts.

Because White has failed to invoke the subject-matter jurisdiction of this Court, this action must be dismissed. *See* FED. R. CIV. P. 12(h)(3) (providing that a federal court must dismiss a case "at any time" if it determines that it "lacks subject-matter jurisdiction"); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*. Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted).

**IT IS ORDERED** that the motion to proceed IFP [Doc. 6] is DENIED, and this case is DISMISSED for lack of subject-matter jurisdiction.

*Robert Hayes Scott*
_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent