UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HORACE BASCOM WHITE, III**,

    Plaintiff,

v.                                                                Civ. No. 12-608 RHS/ACT

**THE PEOPLE OF THE STATE OF TEXAS;
and its AGENCY, POTTER COUNTY COURT
AT LAW #1; and the HONORABLE JUDGE ROBERTS;
POTTER COUNTY ATTORNEYS OFFICE;
ASSISTANT ATTORNEY JANELL McBRIDE;
POTTER COUNTY SHERIFF'S DEP'T;
DEPUTY SHERIFF OFFICER EATON,**

    Defendants.

## ORDER DENYING RECONSIDERATION

THIS MATTER comes before the Court on pro se Plaintiff Horace Bascom White, III's *Supplemental Application for Leave to Remove Texas State Accusations to the Federal Court*, filed July 16, 2012 [Doc. 10] in this closed case. The Court liberally construes this filing as a motion brought under Rule 59 of the Federal Rules of Civil Procedure to alter or amend the final judgment dismissing this case, which was entered June 28, 2012, *see* Doc. 9. The Court will deny the motion and will also strike the *Motion to Accept Case or to Transfer Case* that White filed on August 7, 2012 [Doc. 11].

The Court dismissed White's case because "there is no federal statute that permits an individual to remove a state-court criminal proceeding to a federal court in a different state," and White had not invoked the subject-matter jurisdiction of this Court. Doc. 8 at 3. The Court instructed White that he "may raise all of his claims and defenses in the Potter County court where he is being prosecuted, and if he is unsuccessful, he may appeal those rulings to the Texas

1

state appellate courts." *Id.* at 3-4.  White now contends that the Court has diversity jurisdiction over the case.  Doc. 10 at 1.  Even if the parties are diverse, however, this Court has no authority or jurisdiction to permit removal of a Texas state-court proceeding to this Court.  No federal court, including a Texas federal court, has authority to intervene in White's pending state criminal proceedings in such a manner.

> "*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Taylor*, 126 F.3d at 1297.  *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).  The Court continues to conclude that White's attempts at removal have no valid basis in law, either as a notice of removal or as an attempt to file a civil complaint, and are frivolous.  He has not set forth, and the Court does not find, any valid basis for reconsidering its decision to dismiss this case for lack of subject-matter jurisdiction.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

   **IT IS ORDERED** that White's motion for reconsideration [Doc. 10] is DENIED and his motion to accept or transfer the case [Doc. 11] is STRICKEN from the record.

*Robert Hayes Scott*

UNITED STATES MAGISTRATE JUDGE
Presiding by Consent